IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE DOE (1), et al., | |
| **Plaintiffs,** | |
| v. | Case No. 2:25-cv-02200-HLT-TJJ |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, et al., | |
| **Defendants.** | |

## ORDER TO SHOW CAUSE

Plaintiffs Jane Doe #1 and Jane Doe #2 initiated this class action using pseudonyms. The claims arise out of allegations that a physical therapist employed by KU Health accessed health information and medical files from Plastic Surgery Specialists of Lawrence, an affiliate of Lawrence Memorial Hospital. *See generally* Doc. 1. Plaintiffs have not sought leave to proceed anonymously.

The Federal Rules of Civil Procedure require that pleadings include the names of all parties, and that actions be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a). "The Federal Rules thus make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); *see also M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) ("This court continues to cite *NCBA* for its holding that proceeding anonymously without permission is a jurisdictional defect that may (and, indeed, must) be raised sua sponte."). A party who wishes to file anonymously or proceed under a pseudonym must first petition the district court for permission. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). If a party does not have permission, a federal court lacks jurisdiction over the unnamed parties. *Id.*

Even if a plaintiff makes a request to proceed anonymously, the Tenth Circuit has cautioned that allowing a plaintiff to do so is "unusual," although "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Generally, however, "those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id.*

In light of this authority, the Court directs Plaintiffs to show cause by **May 1, 2025**, why it should not dismiss this case without prejudice for lack of jurisdiction. Alternatively, Plaintiffs may file an amended complaint by that date using their actual names.

IT IS SO ORDERED.

Dated: April 17, 2025                    /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE