**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JANE DOE #1 and JANE DOE #2, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF KANSAS HOSPITAL AUTHORITY d/b/a UNIVERSITY OF KANSAS HEALTH SYSTEM, LAWRENCE MEMORIAL HOSPITAL d/b/a/ LMH HEALTH, and EPIC SYSTEMS CORPORATION,<br><br>Defendants. | Case No. 2:25-cv-02200-HLT-TJJ |

**PLAINTIFFS' RESPONSE TO COURT'S SHOW-CAUSE ORDER[1]**

Plaintiffs Jane Doe #1 and Jane Doe #2 respectfully submit this Response to the Court's Show-Cause Order. As explained below, the Court has jurisdiction over this case because the recognized exceptions to Federal Rules of Civil Procedure 10(a) and 17(a) that permit pseudonymous litigation are satisfied here. Accordingly, dismissal for lack of jurisdiction is unwarranted.

**I.     INTRODUCTION**

On April 15, 2025, Plaintiffs filed their Class Action Complaint in this Court under the pseudonyms Jane Doe #1 and Jane Doe #2. *See* Doc. 1. Two days later, the Court issued a Show-Cause Order directing Plaintiffs to demonstrate why their case should not be dismissed without

---

[1] Plaintiffs respectfully request that the Court defer any dismissal until it rules on the merits of Plaintiffs' response. If the Court ultimately finds that pseudonyms are improper, Plaintiffs request leave to amend their Complaint within 14 days of the Court's ruling.

1

prejudice for lack of jurisdiction. *See* Doc. 3 at 2. Plaintiffs now respectfully respond. Jurisdiction is proper because this case fits squarely within the well-established exceptions recognized by the Tenth Circuit for pseudonymous proceedings. Federal Rules of Civil Procedure 10(a) and 17(a) generally require plaintiffs to proceed under their real names, but the Tenth Circuit has held that pseudonymity is appropriate in exceptional cases involving: (1) matters of a highly sensitive and personal nature; (2) threats of physical harm; or (3) circumstances where disclosure itself would cause the injury the plaintiff seeks to redress.

All three bases are present here. First, public disclosure of Plaintiffs' names would implicate significant privacy interests and subject them to unfair social stigma. Second, pseudonyms are necessary to limit the threat of physical harm to Plaintiffs. Third, revealing Plaintiffs' identities would inflict and exacerbate the very injuries for which they seek redress in this action.

## II. LEGAL STANDARD

While there is a general presumption that parties must proceed in open court under their real names, "[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for a party or witness anonymity." *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (internal quotation marks omitted) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). In the Tenth Circuit, plaintiffs are permitted to proceed by pseudonym in "exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (internal quotation marks omitted) (quoting *Zavaras*, 139 F.3d at 803). Courts have applied this exception "where disclosure of plaintiff's

name would implicate significant privacy interests or threats of physical harm." *Doe 1 v. Unified Sch. Dist. 331*, No. CIV.A. 11-1351-KHV, 2013 WL 1624823, at *1 (D. Kan. Apr. 15, 2013) (citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989)). They also include cases in which "disclosure of [the plaintiff's] identity in the public record 'would reveal highly sensitive and personal information that would result in social stigma.'" *Id.* (quoting *Raiser v. BYU*, No. 04–4025, 127 Fed. App'x 409, 411 (10th Cir. March 29, 2005)). Another recognized exception is "where the injury litigated against would be incurred as a result of the disclosure of the plaintiffs' identity." *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (internal quotation marks omitted) (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)).

This analysis requires the Court to weigh Plaintiffs' "privacy interest against the public's interest in open court proceedings." *Doe v. USD 259, Wichita Sch. Dist.*, No. 22-1279-TC-ADM, 2023 WL 2043155, at *3 (D. Kan. Feb. 16, 2023) (citing *Zavaras*, 139 F.3d at 803). Courts applying the Tenth Circuit standard have recognized that "the potential burden upon the Court or the opposing party is not a factor used to determine whether the use of a pseudonym is appropriate." *Roe v. Catholic Health Initiatives Colorado*, No. 11-CV-02179-WYD-KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012). "Rather, '[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (cleaned up) (quoting *Doe v. Heil*, 2008 WL 4889550, at *2 (D. Colo. Nov. 13, 2008)).

### III.   ARGUMENT

The allegations in Plaintiffs' Complaint demonstrate the substantial privacy interests at stake. Plaintiffs allege that, over a span of more than two years, a physical therapist employed by

KU Health ("Physical Therapist") engaged in a prolonged and unauthorized invasion of their privacy by accessing highly sensitive personally identifiable information ("PII") and protected health information ("PHI"). Doc. 1 ¶ 1. Plaintiffs' PHI included nude clinical photographs and body measurements connected to various surgeries and procedures they had undergone at Plastic Surgery Specialists of Lawrence. *Id.* As a result of these violations, Plaintiffs suffer persistent anxiety in healthcare settings, experience physical symptoms of distress, and fear being stalked, tracked, or targeted by the Physical Therapist or others who may have accessed their PII and PHI. *Id.* at ¶¶ 140–141. Plaintiffs further allege there are at least 423 additional victims who similarly sought treatment related to cosmetic surgery. *Id.* at ¶¶ 1, 99, 113, 151

Plaintiffs have reason to believe the Physical Therapist remains in the Lawrence, Kansas area, where Plaintiffs continue to travel for healthcare. *Id.* at ¶ 141. The Physical Therapist specifically targeted Plaintiffs and other female patients who underwent breast augmentation and related procedures. Doc. 1 ¶ 65. Plaintiffs' clinical records included images of their faces. *Id.* at ¶¶ 25, 32. The Physical Therapist also specifically searched for Plaintiff Doe #1 by name. *Id.* at ¶ 85. To Plaintiffs' knowledge, the Physical Therapist has not been investigated, arrested, charged, or disciplined by law enforcement or the Kansas Board of Healing Arts. *Id.* at ¶ 100. As a result, Plaintiffs reasonably fear for their safety. *Id.* at ¶¶ 90, 97. The Physical Therapist's presence in Plaintiffs' community poses a threat of physical danger were their identities to be made public. *Id.* at ¶ 141.

Plaintiffs face far more than mere embarrassment if their names are disclosed. Such disclosure of Plaintiffs' names in this case would inflict or exacerbate the very privacy invasions and related harms for which they seek redress. As patients of KU Health and Lawrence Memorial Hospital ("LMH"), Plaintiffs fear potential retaliation if their identities are revealed beyond the

4

immediate parties to this case. Plaintiffs also face social stigma in their community—as unjustified as that stigma might be—should their names be revealed in the context of PII snooping related to cosmetic surgery.

Moreover, "protecting the privacy of sexual assault victims encourages other victims to report such crimes and avoids the risk of exacerbating the psychological harm the victims have suffered." *Doe 1 v. E. New Mexico Univ. Bd. of Regents*, No. 23-CV-0362-GBW-JHR, 2024 WL 36060, at *4 (D.N.M. Jan. 3, 2024) (internal quotation marks omitted) (quoting *Doe v. Farmington Mun. Sch.*, No. CV 21-103 SCY/KK, 2021 WL 1390777, at *3 (D.N.M. Apr. 13, 2021)). While Plaintiffs do not allege sexual assault, the conduct alleged constitutes stalking under Kansas law.[2] Preserving Plaintiffs' anonymity thus serves the same compelling interests—preventing further harm and encouraging victims of stalking and related harassment to come forward—which weighs strongly in favor of allowing pseudonymity here. *See id.* at *5 ("[E]ncouraging young student-athletes to report sexual abuse is also in the public's interest. That interest applies to the allegations here: Plaintiffs proffer that other teammates were similarly assaulted but have not come forward . . . The public's interest in reporting is particularly focused at public universities such as ENMU, where taxpayers fund the salaries of athletic staff and often the scholarships of athletes . . . the timeliness and magnitude of these and similar allegations . . . presently eclipse the public's interest in obtaining Plaintiffs' legal names.").

Finally, while any burden on Defendants or the Court is not part of the balancing test, proceeding under pseudonyms will not impede Defendants' ability to litigate this case. Plaintiffs

---

[2] *See* Kan. Stat. Ann. § 60-31a02 (defining "stalking" to mean "intentional harassment of another person that places the other person in reasonable fear for that person's safety" and "harassment" to mean "conduct consisting of two or more separate acts over a period of time, however short, evidencing a continuity of purpose which would cause a reasonable person to suffer substantial emotional distress").

are willing to disclose their true identities to the Court and Defendants under seal. *See Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (James, J.) (granting leave to proceed by pseudonym and finding that "[i]f a court grants permission to proceed using a pseudonym, it is often with the requirement that plaintiff's real name be disclosed to defendants and the court but kept under seal thereafter."). Plaintiffs can, for example, file a verification of their Complaint under seal. *See Roe*, 2012 WL 12840, at *5 (finding that "Defendant's ability to conduct discovery or mount a defense will not be impaired" because "the plaintiff filed a verification of the Complaint disclosing Plaintiff's true name to the [D]efendants").

Courts in the Tenth Circuit have permitted plaintiffs to proceed pseudonymously in cases involving highly sensitive personal invasions of privacy, threats to physical safety, social stigma, and psychological harm—harms similar to those faced by Plaintiffs in this case. *See, e.g.*, *Williams v. New Mexico State Univ.*, No. 23-CV-1059 GBW/KRS, 2025 WL 894954, at *9 (D.N.M. Mar. 24, 2025) (public's interest in access to legal proceedings did not outweigh state university student's need for public anonymity in case arising from sexual harassment and abuse by university professor); *E. New Mexico Univ.*, 2024 WL 36060, at *4 (need for anonymity outweighed public interest in state university student's case against state university athletic department employees for sexual assault and related claims); *Wichita Sch. Dist.*, 2023 WL 2043155, at *3 (parent of minor victim of sexual abuse by public schoolteacher permitted to proceed by pseudonym due to "risks of future psychological harm and repetition of the injury against which plaintiff is litigating"); *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (student sexually harassed by high school football coach); *Doe v. Regis Univ.*, 2021 WL 5329934, at *3 (D. Colo. Nov. 16, 2021) (allowing plaintiff to proceed under his initials); *Roe*, 2012 WL 12840,

at *5 (ADA plaintiff would be required to publicly disclose confidential medical information if required to litigate under actual name).

For example, here, as in *Williams*, Plaintiffs' "use of pseudonyms during pretrial proceedings would impose only a relatively modest burden on the public's common law right to open judicial proceedings because all filings remain open to public inspection, and the public is only denied access to the [] Plaintiffs' identities." 2025 WL 894954, at *9. And "that limited denial of public access is counterbalanced by the public interest in avoiding the chilling effect that public disclosure of [] Plaintiffs' identities could have on the willingness of future victims to disclose" wrongful, highly invasive conduct "by governmental actors." *Id.* Likewise, "using pseudonyms is a less restrictive privacy measure than sealing or redacting future filings and not prejudicial given that Defendants" either "already know" or will know Plaintiffs' names. *Id.*; *see also E. New Mexico Univ.*, 2024 WL 36060, at *5 ("Defendants already know Plaintiffs' identities and therefore may investigate and defend against Plaintiffs' claims unencumbered," and "pseudonymity is the least imposition on the public's ability to view the case while accounting for Plaintiffs' privacy (as opposed to sealed proceedings.")).

In the alternative to proceeding under pseudonyms, Plaintiffs are willing to litigate under their initials, with their full identities disclosed to the Court and the parties under seal. *See Regis Univ.*, 2021 WL 5329934, at *3 ("At this juncture, the court is not persuaded by Defendants' arguments concerning the weighing of interests so as to unmask Plaintiff altogether, but finds that Defendants' concerns can be adequately addressed by requiring Plaintiff to proceed by his initials."). Requiring Plaintiffs to "out" their identities publicly rings a bell that cannot be unrung. As the case progresses, the Court may revisit the issue, whether on motion or *sua sponte*. At this stage, however, Plaintiffs' interests in personal safety, psychological and physical well-being, and

privacy—the very interests at stake in this litigation—weigh in favor of allowing them to proceed as Jane Does.

## IV. CONCLUSION

Because Plaintiffs satisfy the recognized exceptions under Tenth Circuit law for proceeding pseudonymously, the Court has jurisdiction, and Plaintiffs respectfully request that the Court allow them to proceed under pseudonyms (or, alternatively, their initials) at this stage. Plaintiffs further request that the Court defer any dismissal until it rules on the merits of Plaintiffs' response. If the Court ultimately finds that pseudonyms are improper, Plaintiffs request leave to amend their Complaint within 14 days of the Court's ruling.

Dated: April 28, 2025            Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ J. Austin Moore*
J. Austin Moore (D. Kan. No. 78557)
Larkin E. Walsh, #21855
Benjamin J. Stueve, #28515
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
moore@stuevesiegel.com
walsh@stuevesiegel.com
ben.stueve@stuevesiegel.com