IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE DOE (1), et al., | |
| Plaintiffs, | |
| v. | Case No. 2:25-cv-02200-HLT-TJJ |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiffs initiated this putative class action using pseudonyms. Plaintiffs did not seek leave to proceed pseudonymously, so the Court issued a show-cause order asking Plaintiffs to explain why it should not dismiss this case for lack of jurisdiction. Doc. 3. Plaintiffs responded. Doc. 4.

The Federal Rules of Civil Procedure require litigants to sue in their true names. This requirement promotes public access to judicial records and allows the citizenry to monitor the system. Despite the mandatory language of this requirement, there are a few narrow exceptions that are reserved for exceptional cases. This case is not exceptional under the Tenth Circuit standard. Plaintiffs must therefore file an amended complaint using their true names within 14 days of this order. Failure to do so will result in dismissal of this lawsuit for lack of jurisdiction.

I.  ALLEGATIONS[1]

Plaintiffs have been patients at Lawrence Memorial Hospital (LMH) and have been patients of the University of Kansas Hospital Authority (KU Health). As patients of LMH, medical staff took body measurements and photographs of Plaintiffs for their medical records and recorded

---

[1] The Court derives these allegations from the complaint.

other identifying information such as name, address, and birthdate. Plaintiffs did not receive treatment at KU Health for anything related to the procedures they underwent at LMH.

Physical Therapist is employed by KU Health. Plaintiffs do not know and have never received treatment from Physical Therapist. Physical Therapist accessed Plaintiffs' health information and medical records despite having no treatment relationship or legitimate purpose. Plaintiffs allege Physical Therapist targeted female patients who had undergone certain surgical procedures at LMH and whose medical records contained measurements and photographs. Plaintiffs allege that for a period of at least two years Physical Therapist—despite having no treatment relationship or legitimate purpose—was able to access health information and medical records of the putative class members through the Epic Systems Corporation (Epic) interface without detection by KU Health or LMH and without alert or flagging by Epic or its system.[2]

KU Health learned about the issue in February 2023 and sent Plaintiffs a letter in April 2023 stating that their personal information had been compromised in a data breach caused by a KU Health employee. The letter does not identify Physical Therapist (but states that KU Health "terminated the employee involved in this incident"), omits the total number of affected patients, fails to clarify whether the accessed information originated solely from KU Health or also from other healthcare providers, and lacks other information. Plaintiffs then contacted LMH and KU Health. The inconsistency between KU Health's and LMH's communications with Plaintiffs are problematic and deeply concerning to Plaintiffs.

---

[2] Epic designed, developed, sold, and implemented a customized electronic health record (EHR) system known as Epic O2 for KU Health. KU Health participates in Epic's proprietary health information exchange platform known as Care Everywhere, which facilitates data sharing between Epic-based EHR systems and other EHR systems, including non-Epic platforms such as that used by LMH. KU Health and LMH are participants in the Kansas Health Information Network, a regional Health Information Exchange or Qualified Health Information Network that enables the sharing of patient data across unaffiliated healthcare providers within Kansas.

Plaintiffs filed this putative class action using pseudonyms on April 15, 2025. Plaintiffs allege thirteen claims ranging from violations of the Computer Fraud and Abuse Act (CFAA) to breach of contract to intentional infliction of emotional distress to violations of the Fourth Amendment. Plaintiffs seek injunctive relief as well as compensatory, consequential, general, punitive, and statutory damages along with attorney's fees. The Court issued a show-cause order because Plaintiffs did not file using their true names.[3] Doc. 3. Plaintiffs have responded. Doc. 4.

## II.   STANDARD

The Federal Rules of Civil Procedure (and the Supreme Court through the Rules Enabling Act) require litigants to publicly reveal their true names. Fed. R. Civ. P. 10(a) (stating that title of the complaint "must name all the parties"); 17(a)(1) (stating that "[a]n action must be prosecuted in the name of the real party in interest"). This requirement increases public access to judicial records, promotes trust in the judicial system, curbs judicial abuses, and allows the citizenry to monitor the system.

Despite the mandatory language of this requirement, courts have carved out a few narrow exceptions that are reserved for exceptional cases.[4] The precise articulation of these exceptions varies by circuit. *See* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 HASTINGS L.J. 1353 (2022). The Tenth Circuit allows a litigant "to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure

---

[3]   The Court quickly raised this issue because the Tenth Circuit has held that a federal court lacks jurisdiction over unnamed parties absent permission by the court to proceed under pseudonym. *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). Apart from jurisdiction, Plaintiffs' approach also prevents the Court from identifying conflicts and complicates other case-initiating review. Indeed, even the Court does not know the true names of the litigants. And courts generally have a responsibility to avoid secrecy and concealment of judicial processes, which automatically occurs when a litigant does not file in its true name.

[4]   The Court recognizes that Fed. R. Civ. P. 5.2 allows minors to utilize partial anonymity and file with their initials.

of the plaintiff's identity." *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (internal quotation omitted). "[T]he need for party anonymity must outweigh the presumption of openness." *Id.* (internal quotation omitted). The district court exercises discretion when considering this rare dispensation. *Id.* at 1297.

### III.   ANALYSIS

Plaintiffs argue this case is exceptional and involves all three categories warranting pseudonymity. The Court respectfully disagrees because Plaintiffs read each exception too broadly. The Court also identifies several other concerns indicating that the need for party anonymity does not outweigh the presumption of openness in this case.

#### A.   Three Identified Categories.

Plaintiffs argue pseudonymity is warranted by all three categories. The Court addresses each.

**Highly sensitive and personal nature.** Plaintiffs argue that their claims involve matters of a highly sensitive and personal nature. They explain that Physical Therapist accessed highly sensitive personally identifiable information and protected health information including medical records that contained photographs and body measurements.

This category has been used to permit pseudonymous litigation in cases involving abortion, homosexuality, rights and welfare of illegitimate children, mental illness, and rape allegations. *See* Volokh, 73 HASTINGS L.J. at 1405-16 (discussing cases). The outcomes are not uniform for these categories of cases. *See M.M. v. Zavaras*, 139 F.3d 798, 804 (10th Cir. 1998) (finding no abuse of discretion when district court denied pseudonymity in a case against prison for denying "funds for transportation and medical expenses for abortion services"). But the claims in this case are substantially different in kind from even these categories. The gravamen of the claims is that

4

Defendants did not protect Plaintiffs' personally identifiable information and protected health information because Physical Therapist was able to target patients who underwent certain procedures and access their medical records without authorization. The substance of the accessed information is tangential to their claims. And that information (e.g., medical records including photographs and body measurements) can be redacted or sealed when necessary and appropriate.

Plaintiffs note other concerns involving potential social stigma and a possible chilling effect on future litigants. Plaintiffs explain that they might suffer social stigma and embarrassment should their names and surgical procedures be revealed. But there is nothing particularly exceptional or exceptionally sensitive about the fact of a medical procedure. Medical malpractice, insurance coverage disputes, and pharmaceutical and medical device litigation all routinely involve disclosures of this sort of information, routinely involve potentially embarrassing personal details, and routinely proceed under the litigant's true name.[5] *See In re Allergan BIOCELL Textured Breast Implant Prods. Liab. Litig.*, 2020 WL 4745558, at *2 (D.N.J. 2020) ("If it did [provide a sufficient basis for proceeding via pseudonym], nearly every case involving a medical procedure, device, or insurance claim, among a host of other scenarios, would seemingly qualify, and the exception would become the rule.").[6] This is not an exceptional case involving matters of a highly sensitive and personal nature.

---

[5] Plaintiffs loosely compare themselves to sexual assault victims or victims of stalking and posit a possible chilling effect. This is not a sexual assault or stalking case. And even victims of sexual assault may be required to proceed in their own names. *See, e.g.*, *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) (requiring the plaintiff to proceed under her own name); *Hockenberry v. United States*, 42 F.4th 1164 (10th Cir. 2022) (libel case concerning sexual assault litigated in true name); *A.P. v. Weinstein*, No. 1:25-cv-01706-CM, Doc. 23 (S.D.N.Y. May 2025) (denying motion in lawsuit alleging sexual assault and stating "many courts in this district have denied requests to allow plaintiffs to proceed pseudonymously in suits of this nature").

[6] *See also Beitzel & K.K. v. Becerra*, 2024 WL 150215 (E.D. Cal. 2024) (denying partial anonymity to a plaintiff in a putative class action even though medical conditions and problems will be disclosed that will cause embarrassment and mental distress because having medical problems published "is a foreseeable consequence to bring a lawsuit in which those conditions are relevant" and because the public's understanding of the case is furthered by knowing which individuals are affected); *A.S. v. Anthem Ins. Cos.*, 2023 WL 3868640 (S.D. Ind. 2023) (denying partial anonymity to plaintiff in putative class action concerning medical data breach and noting

**Real dangers of physical harm.** Plaintiffs contend there is a real risk of physical harm because Physical Therapist targeted Plaintiffs and other female patients who underwent certain surgeries and procedures, accessed images of their faces, and searched for one by name, but remains in the community and has not been investigated, arrested, charged, or disciplined. Plaintiffs believe Physical Therapist lives in Lawrence, where they still travel to receive medical treatment (although Plaintiffs do not live in Lawrence). "As a result, Plaintiffs reasonably fear for their safety." Doc. 4 at 4.

This fear is too speculative to warrant pseudonymity. Plaintiffs do not allege that Physical Therapist has contacted, threatened, or engaged in physical violence against them. Plaintiffs likewise do not allege that a risk of physical reprisal exists if their names are made public (or explain how making their identities public increases such risk). There is simply nothing in the record establishing a real danger of physical harm if this case is litigated in Plaintiffs' true names.

**Injury litigated against.** Plaintiffs also contend that disclosure of their true names "would inflict or exacerbate the very privacy invasions and related harms for which they seek redress." *Id*. Plaintiffs read this exception too broadly. An example of this exception is a 1973 lawsuit in New York where the plaintiffs argued that a policy requiring the recording of information about prescription drugs in a centralized database violated their privacy rights. *Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973); *see also* Volokh, 73 HASTINGS L.J. at 1395-96 (discussing the New York case and this exception). The court concluded that disclosing the plaintiffs' names would undermine the very privacy they sought to protect through the lawsuit. *Ingraham*, 364 F. Supp. at 541 n.7.

---

that the case is not about medical treatment but about the defendants' handling of information and highlighting that the plaintiff does not explain how publication of the plaintiff's name would place the plaintiff's data at further risk).

This case is different. Plaintiffs seek damages because Defendants did not protect their information from Physical Therapist's unauthorized access. This is past conduct. Physical Therapist's access already occurred. Identifying themselves does not exacerbate the privacy invasion Physical Therapist inflicted and related harms for which Plaintiffs seek redress. *See Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 812 n.2 (10th Cir. 2016) ("Preventing disclosure of his identity is not the basis of Raiser's lawsuit. Instead, he seeks monetary compensation for a disclosure that has already occurred."). Stated differently, the harms for which they seek redress will not occur <u>as a result</u> of Plaintiffs litigating in their true names. This exception likewise does not warrant pseudonymity.

### B. Other Concerns.

Plaintiffs do not show that this case is one of the exceptional cases warranting pseudonymity. The Court also identifies several other concerns indicating that the need for party pseudonymity does not outweigh the presumption of openness in this case.

**Costs.** There are several costs to the public should this case be litigated under full or partial pseudonym. *See* Volokh, 73 HASTINGS L.J. at 1368-77 (discussing value to the public of access to party names). The approach would prevent the public from knowing the names of the people using the publicly funded courts, it would hinder the citizenry's ability to monitor the functioning of the system, and it would likely require heavier sealing and redaction of documents. It would interfere with media and academic reporting on the case. This cost is highlighted because Plaintiffs' counsel has willingly posted information about the case on the firm's website and attempted to drum up attention. *See* https://www.stuevesiegel.com/how-news-KU-Health-Class-Action-Lawsuit (last visited June 8, 2025); *Luo*, 71 F.4th at 1302 ("But seeking publicity can be seen as inconsistent with a stated desire to conceal a private matter.").

7

Pseudonymity would also create speech issues as the parties struggle to discern what information can be publicly disclosed, including whether Defendants could disclose information known to them before suit. It would also create discovery issues. For example, Plaintiffs seek damages for anxiety, emotional distress, and loss of privacy. Pseudonymity would make it difficult for Defendants to defend against those damages should they want to identify and question other people close to Plaintiffs. And then there is the substantial cost associated with creep and spreading as Plaintiffs seek to represent a putative class. Plaintiffs seek to serve as class representatives for an estimated class of 400 victims. It is unclear how Plaintiffs would satisfy their burden to show adequacy when they are unknown or how they would evaluate potential conflicts with other class members. *See Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 205-06 (D. Wyo. 2021) (denying motion to proceed under pseudonym and finding that the plaintiff's role as the class representative weighs in favor of an open proceeding). And, even putting these issues aside, there is the very real likelihood that the other victims would also want to shield their names for the same reasons now before the Court.[7]

**Need for pseudonymity.** Conversely, the need for party pseudonymity is not strong. The Court explained why this case is not an exceptional case under the Tenth Circuit standard. And Plaintiffs have not identified any other extraordinary reason (such as status as a minor) that tips the balance in their favor.

The Court has no doubt that most litigants would prefer to shield their names and not have medical procedures identified in the public record. But that is a foreseeable consequence of bringing a lawsuit in which the protection of and access to medical records are challenged. And

---

[7] The Court does not even reach the issues associated with conducting a trial via pseudonym. And the Court recognizes that Plaintiffs offer to use their initials and disclose their true identities to the Court and Defendants. But even partial anonymity is not warranted. This case is not exceptional and does not warrant any shielding of the litigants' true names from the public.

allowing Plaintiffs to proceed under pseudonym in this case would open the door to allowing plaintiffs in many other cases involving medical procedures to do the same. This case is important but not exceptional under the Tenth Circuit standard. Plaintiffs must therefore file an amended complaint using their true names within 14 days of this order. Failure to do so will result in dismissal of the lawsuit for lack of jurisdiction.

THE COURT THEREFORE ORDERS that Plaintiffs must file an amended complaint using their true names within 14 days of this order. Failure to do so will result in dismissal of the lawsuit for lack of jurisdiction.

IT IS SO ORDERED.

Dated: June 9, 2025                    /s/ *Holly L. Teeter*
                                       HOLLY L. TEETER
                                       UNITED STATES DISTRICT JUDGE