IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JADE DAHL, COURTNEY ZACHARIAH, JESSICA MOORE, CHRISTINA MERREIGHN, BRANDIE MCBRIDE, RENEE QUINTANILLA, LORI MCSORLEY, ANGELA HAGGARD, and ERIKA TURK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF KANSAS HOSPITAL AUTHORITY d/b/a UNIVERSITY OF KANSAS HEALTH SYSTEM, LAWRENCE MEMORIAL HOSPITAL d/b/a LMH HEALTH, and EPIC SYSTEMS CORPORATION,<br><br>Defendants. | Case No. 2:25-cv-02200-HLT-TJJ |

## STATUS CONFERENCE ORDER

On December 2, 2025, U.S. Magistrate Judge Teresa J. James conducted a telephone status conference regarding the scope and timeframe for limited jurisdictional discovery.[1] Plaintiffs appeared through counsel Ben Stueve, and Hannah Sanchez. Defendant University of Kansas Hospital Authority d/b/a University of Kansas Health System ("KU Health") appeared through counsel Mark Olthoff, Blake Reeves, and Cate Green. Defendant Lawrence Memorial Hospital d/b/a LMH Health ("LMH") appeared through counsel Alexis Denny and Mark Cole. Defendant Epic Systems Corporation ("Epic") appeared through counsel Elizabeth Silker. Prior to the

---

[1] The status conference was held in lieu of the scheduling conference set by the Court's Initial Order Regarding Planning and Scheduling (ECF No. 35).

conference, the parties provided a joint proposed scheduling order and their respective written discovery position statements. This Order memorializes the Court's rulings and sets deadlines discussed at the status conference.

1.  Plaintiffs previously filed an Unopposed Motion for Limited Jurisdictional Discovery (ECF No. 36) requesting an order permitting limited jurisdictional discovery related to KU Health's factual challenge to Plaintiffs' standing, as raised in KU Health's Motion to Dismiss (ECF No. 32). On November 14, 2025, the Court entered an Order (ECF No. 37) granting Plaintiffs leave to serve the requested unopposed limited jurisdictional discovery upon KU Health. The Court deferred ruling on any disagreements regarding the appropriate scope and time frame for the jurisdictional discovery and whether non-jurisdictional discovery should proceed prior to a ruling on the motions to dismiss.

2.  During the status conference, the Court heard arguments of counsel regarding the proper scope and time frame of the allowed jurisdictional discovery. The Court then provided its guidance with respect to disputes regarding the following jurisdictional discovery that Plaintiffs seek from KU Health: First Set of Requests for Production of Documents ("RFPs"), First Set of Interrogatories ("Interrogatories"), Notice of Deposition of Terri Thompson, and Notice of Corporate Representative Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6) Notice"). Highly summarized, the Court indicated its view that the scope of jurisdictional discovery must be limited to KU Health's Article III standing factual attack in its motion to dismiss that it did not possess or have access to Plaintiffs' plastic surgery photographs,[2] and this would necessarily include discovery into statements included in the Thompson Declaration (ECF No. 32-1) offered in support of KU Health's motion to dismiss.

---

[2] *See* KU Health's Mot. to Dismiss Second Am. Class Action Compl. (ECF No. 32) at 5–6.

3. Based upon the guidance provided by the Court at the status conference, Plaintiffs and KU Health shall confer in good faith regarding their jurisdictional discovery disputes both before <u>and</u> after KU Health serves its responses, answers, and objections to Plaintiffs' RFPs, Interrogatories, and Rule 30(b)(6) Notice.

4. KU Health shall serve its responses, answers, and objections to Plaintiffs' RFPs, Interrogatories, and Rule 30(b)(6) Notice deposition topics by **December 22, 2025**.

5. After making additional efforts to confer, Plaintiffs shall file any motion to compel discovery within **thirty (30) days** after the date KU Health serves its responses, answers, and objections to Plaintiffs' RFPs, Interrogatories, and Rule 30(b)(6) Notice deposition topics.[3] The parties should not expect any extensions of this motion to compel filing deadline or of the D. Kan. Rule 6.1(d)(4) response and reply deadlines with respect to the motion to compel.

6. KU Health agreed and the Court ordered it to produce Ms. Thompson and its Rule 30(b)(6) corporate representative(s) for their deposition(s) no later than **February 2, 2026**. However, if this deadline is not feasible because the scope of jurisdictional discovery remains in dispute, the parties may contact the Magistrate Judge's chambers to request a reasonable extension of this deadline.

7. All jurisdictional discovery shall be completed by **January 30, 2026**. However, if the parties do not resolve their disputes and a motion to compel jurisdictional discovery is timely filed, then the deadline for completing all jurisdictional discovery will be **60 days after the date** on which the Court rules on the motion to compel.

---

[3] The December 2, 2025 status conference satisfies the D. Kan. Rule 37.1(a) requirement for a pre-motion discovery conference and no additional discovery conference is required prior to filing the motion.

8.  All non-jurisdictional discovery and further pretrial proceedings are stayed until the District Judge rules on Defendant KU Health's pending Motion to Dismiss (ECF No. 32) or any refiled motion to dismiss by KU Health raising an Article III standing factual challenge.

IT IS SO ORDERED.

Dated December 5, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge