IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JADE DAHL, COURTNEY ZACHARIAH, JESSICA MOORE, CHRISTINA MERREIGHN, BRANDIE MCBRIDE, RENEE QUINTANILLA, LORI MCSORLEY, ANGELA HAGGARD, and ERIKA TURK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF KANSAS HOSPITAL AUTHORITY d/b/a UNIVERSITY OF KANSAS HEALTH SYSTEM, LAWRENCE MEMORIAL HOSPITAL d/b/a LMH HEALTH, and EPIC SYSTEMS CORPORATION,<br><br>    Defendants. | Case No. 2:25-cv-02200-HLT-TJJ |

**PLAINTIFFS' AND DEFENDANT UNIVERSITY OF KANSAS HOSPITAL AUTHORITY'S JOINT MOTION TO SUBSTITUTE REDACTED EXHIBITS AND MAINTAIN UNREDACTED EXHIBITS UNDER SEAL**

  Defendant University of Kansas Hospital Authority ("UKHA") and Plaintiffs (the "Parties") hereby move the Court for an Order permitting the filing of redacted versions of certain exhibits attached to Plaintiffs' Motion to Compel (ECF No. 55) and maintaining under seal the unredacted versions of those exhibits, including the rough draft deposition transcript and a deposition exhibit. In support, UKHA and Plaintiffs submit as follows:

  1. On January 21, 2026, Plaintiffs took the deposition of UKHA's witness, Terri Thompson (the "Deposition").

  2. On January 22, 2026, Plaintiffs filed a Motion to Compel additional testimony from UKHA (the "Motion to Compel"). (ECF No. 55.)

3.      The Motion to Compel attached, among other things, the rough draft of the Deposition transcript (the "Rough Transcript"). (ECF No. 55-1.)

4.      A rough draft transcript is an uncertified, preliminary version provided by the court reporter for the parties' convenience prior to issuance of the final certified transcript. (ECF No. 55-1 at p. 4.)

5.      The Parties received the final[1] transcript of the Deposition (the "Final Transcript") after Plaintiffs filed the Motion to Compel.

6.      The Final Transcript contains limited protected health information ("PHI") regarding the named Plaintiffs, including the names of certain medical providers, and the Parties seek to redact narrow portions of that material to protect the Plaintiffs' privacy interests.

7.      Limited redactions, rather than complete sealing, are the least restrictive means of protecting this sensitive information.

8.      Attached hereto as **Exhibit A** is the Final Transcript with Plaintiffs' PHI redacted.

9.      The Parties respectfully request that the Rough Transcript remain sealed and that the Court permit the filing of the Final Transcript in redacted form as a substitute exhibit.

10.     The Motion to Compel also attached a summary of UKHA's interview of the Clinician (the "Interview Summary"). (ECF No. 55-1.)

11.     The Interview Summary contains limited PHI regarding non-parties, and the Parties seek to redact narrow portions of that material to protect those individuals' privacy interests.

12.     Limited redactions, rather than complete sealing, are the least restrictive means of protecting this sensitive information.

---

[1] The witness has not yet read and signed. The transcript, however, has been finalized by the court reporter.

13. Attached hereto as **Exhibit B** is the Interview Summary with those non-parties' PHI redacted.

14. Accordingly, the Parties respectfully request that the unredacted Interview Summary attached to the Motion to Compel remain sealed and that the Court permit the filing of the Interview Summary in redacted form as a substitute exhibit.

15. The privacy interests of Plaintiffs and non-parties in this limited PHI outweigh the public's interest in access to these specific portions of the record, and the proposed redactions are unnecessary to the public's understanding of the Final Transcript or Interview Summary.

16. The Parties have conferred with counsel for Lawrence Memorial Hospital and Epic Systems Corporation, both of which have advised they do not oppose the relief requested herein.

WHEREFORE, Defendant UKHA and Plaintiffs respectfully request leave to file the Final Transcript and Interview Summary in redacted form as substitute exhibits, maintain the Rough Transcript and the unredacted Interview Summary under seal, and for such further relief as this Court deems just and proper.

Dated: February 3, 2026

Respectfully Submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ J. Austin Moore*

J. Austin Moore (D. Kan. No. 78557)
Benjamin J. Stueve (No. 28515)
Hannah T. Sanchez (D. Kan. No. 79291)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
moore@stuevesiegel.com
ben.stueve@stuevesiegel.com
sanchez@stuevesiegel.com

*Attorneys for Plaintiffs*

**POLSINELLI PC**

*/s/ Mark A. Olthoff*

Mark A. Olthoff (KS # 28410)
Blake H. Reeves (KS# 19688)
Catherine A. Green (KS #28440)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
molthoff@polsinelli.com
breeves@polsinelli.com
cgreen@polsinelli.com

*Attorneys for University of Kansas Hospital Authority*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 3rd day of February, 2026. Notice of this filing will be sent to all counsel of record by the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

*/s/ Mark A. Olthoff*

**Attorney for University of Kansas Hospital Authority**